```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 08-60002-CIV-ZLOCH
```

YOLANDA GONZALEZ ALICEA,

    Plaintiff,

vs.
                                          **FINAL ORDER OF REMAND**

COMMISSIONER OF                        **FOR REHEARING**
SOCIAL SECURITY,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Report And Recommendation (DE 17) filed herein by United States Magistrate Judge Lurana S. Snow, Plaintiff's Motion For Summary Judgment (DE 15) and Defendant's Motion For Summary Judgment (DE 18). Plaintiff has not filed an objection to the Magistrate's Report. The Court has conducted a *de novo* review of the entire record herein and is otherwise fully advised in the premises.

    The facts and procedural history of this case are adequately set forth in the Report and Recommendation of Magistrate Judge Snow. *See* DE 17. Judge Snow recommended upholding the determination of Social Security Administrative Law Judge (hereinafter the "ALJ") that Plaintiff is not disabled and denying her motion for summary judgment. In the ALJ's decision, he finds that several factors impugn Plaintiff's credibility, and he gives little weight to the diagnosis of her physicians. Judge Snow's Report sustains these determinations as based on substantial evidence in the record and gives them great deference. The Court's

*de novo* review of the ALJ's Decision, however, reveals that its credibility determinations are not based on substantial evidence, nor are they supported by sufficient reasoning to permit the Court to adequately review their reasonableness. Therefore, for the reasons stated below, the Court shall remand this case to the Social Security Commissioner for further proceedings consistent with this Order.

Among the responsibilities the District Court has when reviewing the Commissioner's Social Security decision is to determine whether the ALJ's findings concerning credibility are "substantially justified." *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984). Taken alone, the term is deceiving, because there need not be an overwhelming amount of evidence in support of an ALJ's finding. All that is needed is "more than a scintilla," which is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (noting what constitutes "substantial evidence"). In addition to citing credible evidence, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.* (*citing Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987)).

Rather than meeting this burden, the ALJ cites to certain exhibits without explaining how those exhibits or statements undermine Plaintiff and her doctors' credibility. Reasonable minds can disagree as to what constitutes a scintilla of evidence. But

that fact does not excuse an ALJ from citing the evidence in the record and explaining how that evidence is probative of the particular point or finding he is making, particularly when the finding concerns a person's credibility.

Here, the ALJ discounts the opinion and diagnosis of Dr. Anzi, Plaintiff's treating physician. He does this on two grounds. The first is that Dr. Anzi's testimony is inconsistent with the lab tests. Batestamp 19. The lab tests are limited in their scope, and the ALJ has not explained how the test results contradict Dr. Anzi's reports. *Id.* at 165. Is it possible for a person to have normal test results for blood sugar and white blood cell count and still suffer from unbearable pain? Do the blood tests make it more likely that Plaintiff is not experiencing any pain? The Court does not know, and the ALJ is silent concerning these questions and the impact of the blood tests on them.

Blood tests may not tell the complete story, and they need not for the Court to affirm the ALJ's findings. *See Perales*, 402 U.S. at 401. However, the ALJ must do more than cite exhibits without explaining their precise import. Without that explanation, there may be substantial evidence buried in the exhibits for the Court to affirm the ALJ's decision, but the Court would, in fact, be merely guessing at the probative weight of this evidence. Indeed, the Court would be assuming without any substantiation that any piece of paper that the ALJ cites to supports his decision. The law demands more. Not much more, but more than citation without

explanation as to the probative force of the evidence and how it supports the ALJ's decision.  *Investacorp, Inc. v. Arabin Inv. Banking Corp.*, 931 F.2d 1519, 1524 (11th Cir. 1991) (noting that the reviewing court will bestow due respect to the agency's determinations, but it "will not defer to an ethereal determination that is not affirmatively stated by the administrative agency").

This same deficiency is present in the ALJ's second attack on Dr. Anzi's diagnosis.  The ALJ's report draws attention to an error in Dr. Anzi's chart of Plaintiff: it indicates that Dr. Anzi has been treating Plaintiff for a lifetime, but his treatment did not begin until June 8, 2004.  Batestamp 19. Therefore, the ALJ gives little weight to Dr. Anzi's diagnosis.  *Id.*  First, more is required to impugn a doctor's diagnosis than a misstatement in a patient's chart.  *Id.* at 154.  Although there is no indication as to who filled out the history section of Plaintiff's chart, it is unlikely that Dr. Anzi did so.  While he has indecipherable handwriting, as represented by his notes, the history portion is written legibly with so-called "bubble letters." *Compare id.* at 154 with *id.* at 164.  It is doubtful the same hand composed both.

The handwriting aside, it strains credulity that an inconsequential fact concerning how long Dr. Anzi has known Plaintiff, can undermine the credibility of his entire medical diagnosis.  This may be probative of the fact that Dr. Anzi, or his staff, do not pay close attention to certain questions on the questionnaire, but it does not present substantial evidence that

4

his diagnosis is not credible. That piece of information is not adequate to support the ALJ's conclusion.

The lack of evidence and analysis in the ALJ's report also plagues the ALJ's findings concerning Dr. Duboy, Plaintiff's psychiatrist. The ALJ gives Dr. Duboy's diagnosis little weight and cites three factors as supporting that determination: "Dr. Duboy initially reflects an improvement in [Plaintiff's] condition, treatment was limited to every two to four months, and his notes fail to reflect the cause of increasing stressors. Accordingly, his assessment is given little weight (Exhibits 8F, 9F, and 12F)." *Id.* at 20.

First, the fact that Plaintiff shows an improvement is of no moment as to whether or not she is depressed, or that her doctor made a valid diagnosis. An improvement shows that the drugs she is taking are working; it does not mean that anyone is exaggerating or lying. The fact that treatment was limited to certain periodic times also does little to show why Dr. Duboy's diagnosis should be given little weight. On this point, Plaintiff's notes from Dr. Duboy expressly state that "[she] is to return to the office for a follow up visit in one month." *Id.* at 177. The Court takes no issue with the fact that the ALJ may find that merely having treatment every two to four months undermines a doctor's diagnosis, but the ALJ must explain why it does. The mere recitation of a few ambiguous and innocuous facts does not rise to substantial evidence

and cannot be sustained as such. *Sabo v. Chater*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996).

Concerning the increased stressors in Plaintiff's life, the omission of those facts in the doctor's notes establishes nothing. There are two reasonable inferences that can be drawn from their omission. The first is that the doctor omitted such information out of laziness. The second is that he omitted the information because the stressors are obvious and known from the time of his initial evaluation: Plaintiff is extremely overweight, she is often in excruciating pain, she can do very little for herself, she has little to no money, and she is the sole care-taker for a child with downs syndrome. The omission in a doctor's notes of obvious stressors is not probative of the fact that he is not credible or that little weight should be ascribed to his opinion. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (holding "testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary"). Therefore, the Court must remand this matter for further consideration and findings by the ALJ. *Id.* at 1141 (noting the failure of the ALJ to articulate the reasons for giving less weight to the opinion of a treating physician is reversible error).

The last basis for remanding this to the ALJ for further findings and explanation of his decision stems from his findings concerning Plaintiff's credibility. The same standard applies, and

the Court affords great deference to the ALJ's decision, but there is little in the record that reasonably supports his decision. He states,

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

Batestamp 19. There is nothing to support this conclusion; therefore, it cannot be sustained as substantially justified. *Sabo*, 955 F. Supp. at 1262 (noting the ALJ "must articulate specific and adequate reasons for rejecting a plaintiff's subjective complaints of pain"); *see also Investacorp*, 931 F.2d 1519 (11th Cir. 1991). Further, the Court will not supply its own justification for discounting Plaintiff's credibility. Citizens Awareness Network, Inc. v. U.S. Nuclear Reg. Comm'n, 59 F.3d 284, 291 (1st Cir. 1995) (noting "Courts should not attempt to supply a reasoned basis for the action the agency itself has not given").

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Yolanda Alicea's Motion For Summary Judgment (DE 15) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

   a. To the extent Plaintiff's Motion For Summary Judgment (DE 15) requests that the above-styled cause be remanded for further findings by the Commissioner, it be and the same is hereby

**GRANTED;**

        b. In all other respects Plaintiff's Motion For Summary Judgment (DE 15) be and the same is hereby **DENIED;**

    2. Defendant's Motion For Summary Judgment (DE 18) be and the same is hereby **DENIED;**

    3. The Commissioner's Decision in the above-styled cause be and the same is hereby **REVERSED** pursuant to 42 U.S.C. § 405(g), and the above-styled cause be and the same is hereby **REMANDED** to the Commissioner for further proceedings consistent with this Order;

    4. Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Yolanda Alicea in accordance with Rule 58 of the Federal Rules of Civil Procedure; and

    5. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    5th    day of February, 2009.

                                            WILLIAM J. ZLOCH
                                            United States District Judge

Copies furnished:

The Honorable Lurana S. Snow
United States Magistrate Judge

All Counsel of Record